Spriesch Tool and Mfg. Co., Inc. v. Commissioner.
Spriesch Tool & Mfg. Co. v. Commissioner
Docket Nos. 19787, 20532.
United States Tax Court
1951 Tax Ct. Memo LEXIS 228; 10 T.C.M. (CCH) 458; T.C.M. (RIA) 51142; May 17, 1951
*228 On motion of respondent, the Court reconsiders its Memorandum Findings of Fact and Opinion entered August 10, 1950 [9 TCM 669], and changes its findings of fact as to the amounts of compensation claimed by the taxpayer as deductions on its returns for each of the taxable years 1942, 1943, 1944, and 1945, by increasing the amounts claimed for each year by $6,240 over the amounts contained in the findings of fact in the memorandum opinion of August 10, 1950. Frank G. Raichle, Esq., for the petitioner. Thomas R. Charshee, Esq., for the respondent. BLACK Supplemental Memorandum Findings of Fact and Opinion BLACK, Judge: On August 10, 1950, the Court entered its Memorandum Findings of Fact and Opinion in these proceedings [9 TCM 669]. Respondent has filed a motion requesting that our findings of fact and opinion be revised so that they will show that in each of the taxable years petitioner deducted as compensation of officers on its income tax and excess profits tax returns $6,240 in excess of the amount which we found had been deducted. Respondent contends that this $6,240 was deducted by petitioner as additional compensation to *229 its president-treasurer, Joseph Cheney, over and above the amounts specifically shown in petitioner's tax returns as the deduction for "compensation of officers." Petitioner's attorney in his opening statement at the hearing of these proceedings stated that petitioner's president received $35,740 in 1942, and $33,740 for each of the years 1943, 1944, and 1945. Respondent in his requested findings of fact asked that these above figures be found as the amounts of the deductions taken by petitioner as salaries for its president-treasurer for each of these years. Petitioner did not object to this requested finding. Respondent also requested that we find that petitioner deducted the total amount of $56,740 for compensation of officers for each of the years 1944 and 1945. Petitioner did not object to this requested finding. In addition to this, petitioner in Docket No. 20532 in its prayer of the petition specifically states as follows: "WHEREFORE, the petitioner prays that this Court may hear the proceeding and determine: * * *
"3. That the amount of compensation paid the officers and deducted from its gross income on the return which it filed with the Collector of Internal Revenue *230 for the taxable year ending December 31, 1944, the sum of fifty six thousand seven hundred forty dollars ($56,740.00) is reasonable, correct, proper and an allowable deduction from gross income. * * *
"5. That the amount of compensation paid the officers and deducted from its gross income on the return which it filed for the taxable year ending December 31, 1945, the sum of fifty six thousand seven hundred forty dollars ($56,740.00) is reasonable, correct, proper and an allowable deduction from gross income." It is noted that the opening statement of petitioner's counsel and petitioner's prayer for relief indicate amounts deducted as officers' compensation which are in open conflict with the amounts specifically shown on its returns as deductions for "compensation of officers." When the amounts stated in the opening statement and the prayer for relief are considered with respondent's agreement therewith, we find that these were the actual amounts deducted by petitioner for compensation of officers whether specifically stated as such on the return or not. We, therefore, amend our findings of fact and opinion entered August 10, 1950, as follows: On pages 5 and 6 we said: *231 "Petitioner's corporation income and declared value excess-profits tax return for 1942 shows gross sales for 1942 of $1,014,560.07. Schedule F of this return shows compensation of officers claimed as deductions, as follows: Joseph Cheney, Pres.-Treas.
$29,500.00
Joseph Spriesch, Vice-Pres.
14,000.00
William Cheney, Secretary
13,000.00
Total
$56,500.00 "The Commissioner in his deficiency notice disallowed $32,740 of the foregoing deduction without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1942 was $100,512.32. "Petitioner's corporation income and declared value excess-profits tax return for 1943 shows gross sales for 1943 of $703,209.19. Schedule F of this return shows compensation of officers claimed as deductions, as follows: Joseph Cheney, Pres. and Treas.
$27,500.00
Joseph Spriesch, Vice-Pres.
12,000.00
William Cheney, Secretary
11,000.00
Total
$50,500.00 "The Commissioner in his deficiency notice disallowed $26,740 of the foregoing salary deductions without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1943 was $104,873.80. *232 "Petitioner's corporation income and declared value excess-profits tax return for 1944 shows gross sales for 1944 of $532,991.41. The salary deductions of compensation to officers are the same as shown above for 1943. The Commissioner in his determination of the deficiency disallowed $26,740 of the salary deductions without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1944 was $47,161. "Petitioner's corporation income and declared value excess-profits tax return for 1945 shows gross sales for 1945 of $284,790.48. The salary deductions of compensation to officers are the same as shown above for 1943 and 1944. The Commissioner in his determination of the deficiency disallowed $26,740 of the salary deductions without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1945 was $3,781.36." The foregoing is hereby changed to read as follows: "Petitioner's corporation income and declared value excess-profits tax return for 1942 shows gross sales for 1942 of $1,014,560.07. Schedule F of this return shows compensation of officers claimed as deductions, as follows: Joseph Cheney, Pres.-Treas.
$29,500.00
Joseph Spriesch, Vice-Pres.
14,000.00
William Cheney, Secretary
13,000.00
Total
$56,500.00
*233 "To the amount of $29,500 shown in Schedule F, petitioner elsewhere in its return for 1942 claimed as a deduction an additional $6,240 as compensation to Joseph Cheney and thereby claimed a total deduction of $62,740 for officers' compensation for 1942. The Commissioner in his deficiency notice disallowed $32,740 of the foregoing deduction without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1942 was $100,512.32. "Petitioner's corporation income and declared value excess-profits tax return for 1943 shows gross sales for 1943 of $703,209.19. Schedule F of this return shows compensation of officers claimed as deductions as follows: Joseph Cheney, Pres. and Treas.
$27,500.00
Joseph Spriesch, Vice-Pres.
12,000.00
William Cheney, Secretary
11,000.00
Total
$50,500.00
"To the amount of $27,500 shown in Schedule F, petitioner elsewhere in its return for 1943, claimed as a deduction an additional $6,240 as compensation to Joseph Cheney and thereby claimed a total deduction of $56,740 for officers' compensation for 1943. The Commissioner in his deficiency notice disallowed $26,740 of the foregoing salary deductions *234 without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1943 was $104,873.80. "Petitioner's corporation income and declared value excess-profits tax return for 1944 shows gross sales for 1944 of $532,991.41. The salary deductions of compensation to officers claimed by petitioner are in the amount of $56,740. The Commissioner in his determination of the deficiency disallowed $26,740 of the salary deductions without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1944 was $47,161. "Petitioner's corporation income and declared value excess-profits tax return for 1945 shows gross sales for 1945 of $284,790.48. The salary deductions of compensation to officers claimed by petitioner are in the amount of $56,740. The Commissioner in his determination of the deficiency disallowed $26,740 of the salary deductions without specifying how much of each salary was disallowed. The net income shown on petitioner's return for 1945 was $3,781.36." On pages 9 and 10 we said: "We have considered the foregoing factors in so far as covered by the evidence in the record in arriving at our conclusion *235 of what we regard as reasonable salaries for each of petitioner's officers in each of the taxable years and these conclusions have been embodied in our findings of fact. Not all of the abovementioned factors are represented in the evidence which is before us. Indeed, it is rare when we have all of such factors represented by the evidence in any given case. However, we have most carefully considered all the evidence which is before us and have reached the conclusions as to these salaries which are embodied in our findings of fact. We feel that the allowances fixed by the Commissioner in his deficiency notices are too low, as shown by the evidence in this case. For example, as we have shown in our findings of fact, petitioner in its corporation income and declared value excess-profits tax return for 1942 claimed aggregate salary deductions for its three officers of $56,500. Of this amount the Commissioner disallowed $32,740, thus allowing only $23,760 of the amount, as we figure it, which petitioner paid its three officers in that year. This, it seems to us, is entirely too low when it is considered that petitioner's gross sales for that year were $1,014,560.07 and its net income was *236 $100,512.32. "There is one thing to which we think we should call attention in our discussion of this question as to what allowances should be made to petitioner in each of the taxable years for reasonable salaries paid to its three officers and it is this, respondent in his suggested findings of fact contained in his brief has asked us to make the following finding of fact: "During the taxable years involved herein, the aforesaid officers received compensation from petitioner, as follows: 1942
1943
1944
1945
Joseph Cheney, Pres.
$35,740
$33,740
$33,740
$33,740
Joseph Spriesch, V.P.
14,000
12,000
12,000
12,000
Wm. Cheney, Secy.
13,000
11,000
11,000
11,000
Totals
$62,740
$56,740
$56,740
$56,740
"The opening statement made by petitioner's counsel at the hearing enumerated somewhat the same figures. However, it is well understood, of course, that opening statements of counsel at the hearings are not evidence. "The corporation income and declared value excess-profits tax returns for each of the taxable years here involved are in evidence and we have carefully examined them and the figures given in our findings of fact are the deductions *237 which petitioner actually took as salaries paid these three officers in determining its net income for each of the taxable years. It is the deductions actually taken which are controlling. In a recomputation under Rule 50 the salaries which we have found in our findings of fact under the evidence to be reasonable should be used as deductions, instead of those which were actually deducted by petitioner on its returns." This is hereby changed to read as follows: "We have considered the foregoing factors in so far as covered by the evidence in the record in arriving at our conclusion of what we regard as reasonable salaries for each of petitioner's officers in each of the taxable years and these conclusions have been embodied in our findings of fact. Not all of the abovementioned factors are represented in the evidence which is before us. Indeed, it is rare when we have all of such factors represented by the evidence in any given case. However, we have most carefully considered all the evidence which is before us and have reached the conclusions as to these salaries which are embodied in our findings of fact. We feel that the allowances fixed by the Commissioner in his deficiency *238 notices are too low, as shown by the evidence in this case. For example, as we have shown in our findings of fact, petitioner in its corporation income and declared value excess-profits tax return for 1942 claimed aggregate salary deductions for its three officers of $62,740. Of this amount the Commissioner disallowed $32,740, thus allowing only $30,000 of the amount, as we figure it, which petitioner paid its three officers in that year. This, it seems to us, is entirely too low when it is considered that petitioner's gross sales for that year were $1,014,560.07 and its net income was $100,512.32. "There is one thing to which we think we should call attention in our discussion of this question as to what allowances should be made to petitioner in each of the taxable years for reasonable salaries paid to its three officers and it is this, respondent in his suggested findings of fact contained in his brief has asked us to make the following finding of fact: "During the taxable years involved herein, the aforesaid officers received compensation from the petitioner, as follows: 1942
1943
1944
1945
Joseph Cheney, Pres.
$35,740
$33,740
$33,740
$33,740
Joseph Spriesch, V.P.
14,000
12,000
12,000
12,000
Wm. Cheney, Secy.
13,000
11,000
11,000
11,000
Totals
$62,740
$56,740
$56,740
$56,740
*239 "The opening statement made by petitioner's counsel at the hearing enumerated somewhat the same figures. The corporation income and declared value excess-profits tax returns for each of the taxable years here involved are in evidence and we note that for each of the years there is specifically stated on the return as a deduction for 'compensation of officers' an amount which is $6,240 less than what respondent claims was actually deducted for officers' salaries. Petitioner's returns show in Schedule F that Joseph Cheney's compensation was $29,500 in 1942, $27,500 in 1943, and $27,500 in 1945. For the year 1944, Schedule F is not in evidence. Petitioner's attorney in his opening statement at the hearing stated that Joseph Cheney received $35,740 in 1942, and $33,740 for each of the years 1943, 1944, and 1945. In its prayer for relief in Docket No. 20532 petitioner stated that the total compensation paid its officers for the years 1944 and 1945 was $56,740. We, therefore, conclude and we have found as a fact that the total amount which petitioner deducted in its returns as officers' compensation was $62,740 for the year 1942 and $56,740 for each of the years 1943, 1944 and 1945. [1] *240 In a recomputation under Rule 50 the salaries we have found in our findings of fact under the evidence to be reasonable should be used as deductions instead of those which were actually deducted by petitioner in its returns." All the remainder of our Memorandum Opinion entered August 10, 1950 not dealt with herein, is to remain unchanged. Decisions will be entered under Rule 50. Footnotes
1. The additional $6,240 which is not specifically shown in the return as "compensation of officers" was apparently deducted as other salaries and wages.↩